WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Philip M. Abelson
Gregory M. Starner
Ricardo M. Pasianotto (admitted *pro hac vice*)
Lilian M. Marques
Livy Mezei (admitted *pro hac vice*)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

*Attorneys for Antonio Reinaldo Rabelo Filho,*
*as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )<br>) |
| Americanas S.A., *et al.*,[1] | ) Case No. 23-10092 (MEW)<br>)<br>) Chapter 15 |
| Debtors in a Foreign Proceeding. | ) (Jointly Administered)<br>) |

**MOTION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**2002(m) AND (q) AND 9007 FOR ORDER SCHEDULING HEARING AND**
<u>**APPROVING FORM AND MANNER OF SERVICE OF NOTICE**</u>

Antonio Reinaldo Rabelo Filho (the "**Petitioner**" or the "**Foreign Representative**"), the

duly-authorized foreign representative of Americanas S.A. ("**Americanas**"), JSM Global S.à.r.l.

("**JSM Global**"), and B2W Digital Lux S.à.r.l. ("**B2W Digital**," together with Americanas and

JSM Global, the "**Chapter 15 Debtors**") in the jointly-administered judicial reorganization

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Americanas S.A. (06-60 - Brazil); JSM Global S.à.r.l. (5670 - Grand Duchy of Luxemburg); and B2W Digital Lux S.à.r.l. (8659 – Grand Duchy of Luxemburg).

(*recuperação judicial* or "**RJ**") proceeding (the "**Brazilian RJ Proceeding**") of the Chapter 15 Debtors and certain of their affiliated debtors (collectively, the "**RJ Debtors**" or the "**Americanas Group**") commenced on January 19, 2023 pursuant to Federal Law No. 11.101 of February 9, 2005 (as modified, the "**Brazilian Bankruptcy Law**"), of the laws of the Federative Republic of Brazil ("**Brazil**"), pending before the 4th Business Court of Rio de Janeiro (the "**Brazilian RJ Court**"),[2] by and through his undersigned counsel, respectfully submits this motion (the "**Motion**") in the above-captioned chapter 15 cases (the "**Chapter 15 Cases**") for entry of an order substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**") (i) scheduling a hearing on the relief sought in the *Petitioner's Declaration and Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1509, 1515, 1517, 1520, and 1521* (the "**Verified Petition**")[3] [ECF No. 3] and the forms of voluntary petition [ECF No. 1] (collectively, the "**Forms of Voluntary Petition**" and, together with the Verified Petition, the "**Petition**") both of which were filed on January 25, 2023, (ii) setting the deadline by which any responses or objections to the Verified Petition must be filed with the Court and received by the Petitioner, (iii) approving the form and manner of service thereof, and (iv) granting such other relief as the Court deems just and proper.

In support of this Motion, the Petitioner relies upon and incorporates by reference the *Declaration of Francisco Satiro Pursuant to 28 U.S.C. § 1746 in Support of the Petitioner's Declaration and Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1509, 1515, 1517, 1520, and 1521* (the "**Brazilian Counsel Declaration**") filed on January 25, 2023, along with the exhibits thereto.

---

[2] The case number for the Brazilian RJ Proceeding before the Brazilian RJ Court is 0803087-20.2023.8.19.0001.
[3] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such them in the Verified Petition.

2

In further support of the relief requested herein, the Petitioner respectfully represents to the Court as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

## BACKGROUND

2.  The relevant factual background with respect to the relief sought in this Motion is set forth in the Verified Petition. The Court may find therein a description of the Brazilian RJ Proceeding of the Chapter 15 Debtors and of their affiliate, the Chapter 15 Debtors' businesses, corporate and capital structures, and the circumstances leading to the commencement of the Brazilian RJ Proceeding and these Chapter 15 Cases.

## RELIEF REQUESTED

3.  By this Motion, the Petitioner seeks entry of an order, substantially in the form of the Proposed Order annexed hereto as **Exhibit A**: (i) setting **[●], 2023 at [●][●].m. (New York time)** as the date (the "**Recognition Hearing Date**") for the hearing (the "**Recognition Hearing**") on the relief sought in the Verified Petition; (ii) setting **[●], 2023 at [●] [●].m. (New York time)** as the deadline by which any responses or objections to the Verified Petition must be filed with the Court and received by the Petitioner (the "**Objection Deadline**"); (iii) approving the form of notice of the filing of the Verified Petition, the Recognition Hearing Date, and the Objection

3

Deadline (the "**Recognition Hearing Notice**") that is attached as <u>Exhibit 1</u> to the Proposed Order; and (iv) granting related relief as provided herein.

## BASIS FOR RELIEF

4. Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") provides that the parties identified therein and "such other entities as the court may direct" must be given at least 21 days' notice of a hearing on a petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). Fed. R. Bankr. P. 2002(m), 9007.

5. The Petitioner proposes to (i) serve (a) the Recognition Hearing Notice, (b) the Verified Petition, and (c) the Brazilian Counsel Declaration (collectively, the "**Notice Documents**") by electronic mail to the extent email addresses are available, and otherwise by U.S. mail, first-class postage prepaid (or equivalent service), upon the parties (the "**Notice Parties**") set forth in **Exhibit B** annexed hereto (the "**Notice List**"), in accordance with Bankruptcy Rules 2002(k) and (q) and Rules 2002-1, 9006-1(b) and 9013-1(b) of the Local Rules for the Southern District of New York (the "**Local Rules**"), (ii) provide the Notice Documents to Deutsche Bank Trust Company Americas (the "**Indenture Trustee**") under the Notes Indentures with instructions to forward the Notice Documents on behalf of the Petitioner to the Depository Trust Company (the "**DTC**"), in its capacity as the record holder of the B2W Digital Notes and the JSM Global Notes (collectively, the "**NY Notes**") and to instruct the DTC to disseminate the same according to the

DTC's customary practices, and (iii) publish the Recognition Hearing Notice on the Chapter 15 Debtors' website (https://ri.americanas.io/en/investor-information/download-center/).

6.  The Petitioner will complete such notice within two (2) business days of entry of the Proposed Order and respectfully submits that such notice constitutes adequate and sufficient notice of these Chapter 15 Cases, the relief sought in the Petition, the time fixed for filing objections to such relief, and the time, date, and place of the Recognition Hearing.[4]

7.  In addition, if any party files a notice of appearance in this case, the Petitioner proposes to serve the Notice Documents and subsequent notices upon such party within three (3) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

8.  Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002(m) and (q) and 9007.

9.  Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a chapter 15 petition has 21 days from the date of service of the petition to respond to such petition. *See* Fed. R. Bankr. P. 1011(b). Bankruptcy Rule 1012(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") has until seven (7) days before the date set for hearing to respond, unless the court orders otherwise. *See* Fed. R. Bankr. P. 1012(b). In light of these requirements, the Petitioner respectfully submits that setting (i) **[●], 2023 at [●] [●].m. (New York time)** as the Recognition Hearing Date and (ii) **[●], 2023 at [●][●].m. (New York time)** as the Objection Deadline is appropriate.

---

[4]    The Petitioner will serve the Recognition Hearing Notice on the Notice Parties once such notice is approved by the Court.

5

10. Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case under the Bankruptcy Code is given to foreign creditors, such notification shall indicate, *inter alia*, the time period and place for filing proofs of claim as well as whether such filing is necessary for secured creditors. 11 U.S.C. § 1514(c). It is generally accepted, however, that section 1514 does not apply in a chapter 15 case. As explained in Collier on Bankruptcy, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511." 8 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1514.01 (16th ed. rev. 2016) (emphasis added). As such, courts routinely find inapplicable and/or waive the requirements of section 1514 in chapter 15 cases. *See, e.g.*, *In re Olinda Star Ltd (In Provisional Liquidation)*, No. 22-11447 (MG) (Bank. S.D.N.Y. November 3, 2022) [ECF 9]; *In re U.S.J. - Açúcar e Álcool S.A.*, No. 22-10320 (DSJ) (Bank. S.D.N.Y. March 18, 2022) [ECF 9]; *In re Universal Enterprises Ltd.*, No. 21-11745 (MG) (Bank. S.D.N.Y. Oct 8, 2021) [ECF No. 7]; *In re Odebrecht Engenharia e Construção S.A.*, No. 20-12741 (MEW) (Bankr. S.D.N.Y. Nov. 25, 2020) [ECF No. 10]; *In re Serviços de Petróleo Constellation S.A.*, No. 18-13952 (MG) (Bankr. S.D.N.Y. Dec. 11, 2018) [ECF No. 26]; *In re Oi S.A.*, No. 16-11791 (SHL) (Bankr. S.D.N.Y. June 22, 2016), [ECF No. 21]; *In re OAS S.A.*, 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 17, 2015), [ECF No. 24]. Given that section 1514(c) does not apply with respect to these Chapter 15 Cases (as the Petitioner has not sought to commence a case under any other chapter of the Bankruptcy Code), the Petitioner respectfully requests that the requirements contained therein are inapplicable or, alternatively, respectfully requests that such requirements be waived by this Court.

6

## NOTICE

11. Notice of this Motion will be provided to the Notice Parties set forth in the Notice List. The Petitioner respectfully submits that no other or further notice is required.

## NO PRIOR REQUEST

12. No previous request for the relief requested herein has been made by the Petitioner to this Court or any other court.

## CONCLUSION

13. WHEREFORE, the Petitioner respectfully requests that this Court: (i) enter an order, substantially in the form of the Proposed Order annexed hereto as **Exhibit A**, granting the relief requested herein; and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: January 26, 2023

Respectfully submitted,

WHITE & CASE LLP

By: */s/ John K. Cunningham*
    John K. Cunningham

WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 819-8200
John K. Cunningham
Philip M. Abelson
Gregory M. Starner
Ricardo M. Pasianotto (admitted *pro hac vice*)
Lilian M. Marques
Livy Mezei (admitted *pro hac vice*)
jcunningham@whitecase.com
philip.abelson@whitecase.com
gstarner@whitecase.com
ricardo.pasianotto@whitecase.com
lilian.marques@whitecase.com
livy.mezei@whitecase.com

200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)
rkebrdle@whitecase.com

*Attorneys for Antonio Reinaldo Rabelo Filho,
as Petitioner and Foreign Representative*