**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| Americanas S.A., *et al.*,[1] | ) Case No. 23-10092 (MEW) |
| | ) |
| | ) Chapter 15 |
| Debtors in a Foreign Proceeding. | ) (Jointly Administered) |
| | ) |

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF

Upon the *Petitioner's Declaration and Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief pursuant to 11 U.S.C. §§ 105, 1509, 1515, 1517, 1520, and 1521* (the "**Verified Petition**")[2] [ECF No. 3] dated January 25, 2023, Antonio Reinaldo Rabelo Filho (the "**Petitioner**" or the "**Foreign Representative**"), in his capacity as the duly-appointed foreign representative of the Brazilian RJ Proceeding (as defined below) of the above-captioned debtors (collectively, the "**Chapter 15 Debtors**") requesting this Order (the "**Order**") (a) granting the Verified Petition and recognizing the jointly-administered judicial reorganization proceeding (the "**Brazilian RJ Proceeding**") pending before the 4th Business Court of Rio de Janeiro (the "**Brazilian RJ Court**") pursuant to Federal Law No. 11.101 of February 9, 2005 (the "**Brazilian Bankruptcy Law**") of the laws of the Federative Republic of Brazil ("**Brazil**") as the foreign main proceeding for the Chapter 15 Debtors pursuant to section 1517 of title 11 of the United States Code (the "**Bankruptcy Code**"), and all relief included therewith as provided in section 1520 of the Bankruptcy Code; (b) finding that the Petitioner is the

---

[1]    The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Americanas S.A. (06-60 - Brazil); JSM Global S.à.r.l. (5670 – Grand Duchy of Luxemburg); and B2W Digital Lux S.à.r.l. (8659 – Grand Duchy of Luxemburg).

[2]    Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Verified Petition.

duly appointed foreign representative, as defined in section 101(24) of the Bankruptcy Code, of

the Brazilian RJ Proceeding for each of the Chapter 15 Debtors; and (c) granting such other and

further relief as the Court deems just and proper; and this Court having reviewed (i) the Forms of

Voluntary Petition, (ii) the Verified Petition, along with the exhibits annexed thereto, (iii) the

*Declaration of Francisco Satiro Pursuant to 28 U.S.C. § 1746* (the "**Brazilian Counsel**

**Declaration**") [ECF No. 4], and (iv) the statements of counsel with respect to the Verified Petition

at a hearing before this Court on March 1, 2023 (the "**Hearing**"); and appropriate and timely notice

of the filing of the Verified Petition and the Hearing having been given; and no objections having

been filed or asserted as set forth on the record of the Hearing; and no other or further notice being

necessary or required; and this Court having determined that the legal and factual bases set forth

in the evidence admitted by the Court at the Hearing including the Verified Petition, the Brazilian

Counsel Declaration, and all other pleadings and papers in these Chapter 15 Cases establish just

cause to grant the relief ordered herein; and after notice and a hearing and due deliberation thereon;

### THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.    The findings and conclusions set forth herein constitute this Court's findings of fact

and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To

the extent any of the following findings of fact constitute conclusions of law, they are adopted as

such.  To the extent any of the following conclusions of law constitute findings of fact, they are

adopted as such.

B.    This Court has jurisdiction over this matter pursuant to sections 157 and 1334 of

title 28 of the United States Code, and the Amended Standing Order of Reference dated January

31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).

        C.        This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

        D.        Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

        E.        The Petitioner has been (i) duly appointed to act as the "foreign representative," within the meaning of section 101(24) of the Bankruptcy Code, of the Brazilian RJ Proceeding with respect to the Chapter 15 Debtors and (ii) authorized to commence these Chapter 15 Cases.

        F.        These chapter 15 cases (the "**Chapter 15 Cases**") were properly commenced on January 25, 2023 by the Foreign Representative pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

        G.        The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(4), 2002(q) and 7007.1, and Rules 2002-4 and 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

        H.        The Brazilian RJ Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

        I.        The Brazilian RJ Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

        J.        The COMI of each of the Chapter 15 Debtors is in Brazil.  Accordingly, the Brazilian RJ Proceeding is the "foreign main proceeding" of each of the Chapter 15 Debtors, as that term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.       The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Chapter 15 Debtors, their creditors and other parties in interest.

L.       Appropriate notice of the filing of and the Hearing on the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

For all of the foregoing reasons, and for the reasons stated by the Court at the Hearing and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.       The Verified Petition is GRANTED as set forth herein.

2.       The Petitioner is the duly appointed foreign representative of the Brazilian RJ Proceeding with respect to the Chapter 15 Debtors, within the meaning of section 101(24) of the Bankruptcy Code, and is authorized to act on behalf of each of the Chapter 15 Debtors in these Chapter 15 Cases.

3.       The Brazilian RJ Proceeding is granted recognition as the foreign main proceeding of each of the Chapter 15 Debtors pursuant to section 1517 of the Bankruptcy Code.

4.       All relief and protection afforded to foreign main proceedings under section 1520 of the Bankruptcy Code are hereby granted to the Brazilian RJ Proceeding, the Petitioner, the Chapter 15 Debtors and the property of the Chapter 15 Debtors that is within the territorial jurisdiction of the United States, as applicable, including application of section 362 of the Bankruptcy Code with respect to each of the Chapter 15 Debtors and the property of the Chapter

15 Debtors that is within the territorial jurisdiction of the United States, subject to the exceptions to section 362 that are set forth in the Bankruptcy Code.

5.      Notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered and may in his discretion and without further delay take any action and perform any act necessary to implement and effectuate the terms of this Order.

6.      A copy of this Order shall be served by the Petitioner within seven business days of entry of this Order by email, first class mail, or overnight courier on the Notice Parties, and such service shall be good and sufficient service and adequate notice for all purposes.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, enforcement, amendment or modification of this Order.

Dated: New York, New York
       March 3, 2023

                                        s/Michael E. Wiles
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE