# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

November 30, 2023

**Via Email and ECF**
The Honorable Michael E. Wiles
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green, Rm. 617
New York, NY 10004-1408
wiles.chambers@nysb.uscourts.gov

Re: *In Re: Americanas S.A., et al.*, **Case No. 23-10092 (MEW)**

Dear Judge Wiles:

    We write to you in our capacity as counsel to Sablon Partners Ltd ("Sablon"), a party in the *In Re Americanas, S.A., et al*, Case No. 23-10092 (MEW) chapter 15 bankruptcy proceedings. We write to you concerning the *Notice of Hearing of Motion of Sablon Partners Ltd. for an Order Pursuant to Bankruptcy Rules 2004 and 9016 Authorizing the Examination of the Debtors Americanas and B2W Digital and Third Parties* [ECF No. 43] (the "Notice") that Sablon filed on November 13, 2023, after speaking with Chambers and receiving a December 12, 2023 hearing (the "Hearing") for Sablon's Rule 2004 motion [ECF No. 42] (the "Motion"). The Motion seeks discovery from the debtors in these chapter 15 cases (the "Chapter 15 Debtors")[1], and discovery from third-party entities owned by certain shareholders of the Chapter 15 Debtors (the "Reference Shareholders"). Sablon seeks discovery related to the massive fraud in the Chapter 15 Debtors financial statements that the Americanas' Board of Directors acknowledged (the "Fraud"), and the Reference Shareholders participation in the financial management of the Chapter 15 Debtors. *See* [ECF No. 42] Chapter 15 Debtors and Reference Shareholders in their November 29 letter to the Court (the "Letter") request that this Hearing be adjourned to either December 21 or 22, 2023, or in early January following the holidays. [ECF No. 49].

    Sablon did not consent to an adjournment primarily for one reason: In the *recuperação judicial* in Brazil (the "Brazilian RJ Proceeding"), the court entered an order scheduling a general creditors' meeting (the "Creditors' Meeting") for December 19, 2023. At the Creditors Meeting, the Americanas creditors (the "Creditors") will attend and, if there is a sufficient number of creditors present and voting, cast votes on the Chapter 15 Debtors judicial reorganization plan (the

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Americanas S.A. (06-60 – Brazil); JSM Global S à.r.l. (5670 – Grand Duchy of Luxembourg); and B2W Digital Lux S.à.r.l. (8659 – Grand Duchy of Luxembourg)

The Honorable Michael E. Wiles
United States Bankruptcy Judge
November 30, 2023
Page 2

"Plan"). Upon information and belief, the Plan as proposed will essentially eliminate any avenue for creditors to obtain relief against the Third Parties or related parties for the Fraud. Sablon believes it is in its best interests, as well as the interests of all creditors, that it at least obtain the authority to conduct Rule 2004 discovery prior to the Creditors' Meeting. Such an order would permit Sablon to disclose to other creditors that there exists an alternative method for obtaining information that Sablon believes should be considered before votes are cast.

Sablon's decision not to consent was not intended to disadvantage the opposing parties. In fact, from the outset, Sablon made sure that the opposing parties had more than sufficient time to respond. For example, the Motion was filed on November 10, 2023, with Sablon requesting a hearing date well after the Thanksgiving holidays to permit a reasonable time for opposition to be filed. As a consequence, the opponents received more than three (3) weeks to prepare and file opposition, three times the minimum period required for objections by Local Rule 9006-1(b). To the extent the opponents argue that Sablon should have moved more quickly, we note that it filed the Motion before the Creditors Meeting was set, as we understand that the Chapter 15 Debtors did not file the request for the December 19, 2023 date (and the January 22, 2024 second call) until November 16, 2023.

Lastly, Chapter 15 Debtors and Reference Shareholders insist on two depositions prior to the Hearing for the two witnesses upon which the Motion relies. As we explained in the parties' meet and confer, we do not believe that there is any value from these pre-Hearing depositions that cannot be achieved at the Hearing on cross-examination. Sablon is a creditor and has standing to seek Rule 2004 discovery, even if it is, as often called, a fishing expedition. Questioning the creditor's purpose or intent does not obviate that right under the Bankruptcy Code.

With respect to the submission by Sablon's Brazilian counsel, the Chapter 15 Debtors indicated that they intend to submit expert testimony in support of their objection to the Motion. Sablon believes that the most efficient use of the parties' resources is to submit their expert's arguments in their papers and have the Court at the Hearing determine which explanation of disputed issues is correct after direct and cross-examination, if it is even necessary. That process is often used with areas of law in which bankruptcy courts lack full familiarity. To the extent the Court needs more information, it can ask for it from the appropriate legal witnesses directly.

We also note that the opposing parties could have served discovery requests in this contested matter at any time in the past few weeks so that discovery issues could have been resolved long before the objection deadline.

We thank Your Honor for your consideration of our position.

Respectfully submitted,

*/s/ James N. Lawlor*
James N. Lawlor
Hunter G. Waters