## Exhibit A

*In re OAS Fin. Ltd.*, No. 15-11304 (SMB) (Bankr. S.D.N.Y. June 23, 2015)
[Docket No. 43] (June 4, 2015 Hearing Transcript)

15-11304-smb    Doc 49    Filed 06/20/15    Entered 06/23/15 20:03:31    Main Document
                          Pg 1 of 50

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
         Americanas - Rule 2004 Objection - Exhibit A    Pg 2 of 50

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:                      .  Chapter 15
                            .
OAS FINANCE LIMITED (in     .  Case No. 15-11304 (SMB)
provisional liquidation),   .
                            .
                            .  One Bowling Green
         Debtors.           .  New York, New York 10004
                            .
                            .  Thursday, June 4, 2015
. . . . . . . . . . . . .    .  11 a.m.

TRANSCRIPT OF CONFERENCE
BEFORE THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Foreign
Representative:                   John K. Cunningham, Esq.
                                  WHITE & CASE, LLP
                                  200 South Biscayne Boulevard
                                  Suite 4900
                                  Miami, Florida 33131

                                  Gregory M. Starner, Esq.
                                  WHITE & CASE, LLP
                                  1155 Avenue of the Americas
                                  New York, New York 10036

                                  Michael B. Carlinsky, Esq.
                                  QUINN, EMANUEL, URQUHART
                                   & SULLIVAN, LLP
                                  51 Madison Avenue, 22nd Floor
                                  New York, New York 11010

(Continued)


ECRO:                             Karen

Transcription Company:            Ad Hoc Transcription, LLC
                                  1915A Stonegate Lane
                                  Stanhope, New Jersey 07874
                                  (888) 516-5553
                                  www.adhoctranscription.com


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

APPEARANCES:

For the Joint Provisional
Liquidators:                          Andrew Rosenblatt, Esq.
                                      Marc D. Ashley, Esq.
                                      CHADBOURNE & PARKE LLP
                                      1301 Avenue of the Americas
                                      New York, New York 10019-6022


For Aurelius and Alden
Objectors:                            Allan S. Brilliant, Esq.
                                      DECHERT, LLP
                                      1301 Avenue of the Americas
                                      New York, New York 10019-6022

3

1      NEW YORK, NEW YORK, THURSDAY, JUNE 4, 2015, 11 A.M.

2           MR. ROSENBLATT:  Good morning, Your Honor.

3           THE COURT:  Good morning.

4           MR. ROSENBLATT:  It's Andrew Rosenblatt from

5      Chadbourne & Parke here on behalf of Mark McDonald and Marcus

6      White who are the joint provisional liquidators of OAS Finance

7      in the BVI.

8           Your Honor, the joint provisional liquidators filed a

9      motion under Section 1519 seeking authority to take discovery

10     from White & Case who we know represented OAS Finance at

11     different points in times and in some capacity although that's

12     been the subject of some dispute and I will say changing

13     stories or fluctuating stories when we inquired about that.

14          Your Honor, and we're seeking documents pursuant to

15     the scope that is authorized under Section 1521 which is

16     extremely broad.  Just by way of background, Your Honor, this

17     was not a motion --

18          THE COURT:  Isn't 1521 a post-recognition tactic?

19          MR. ROSENBLATT:  It is but Section 1519 which permits

20     provisional relief authorizes under appropriate circumstances,

21     Your Honor, relief that's available under 1521.

22          THE COURT:  As I understand your request, it's in two

23     parts.  It's the financial/business information from the

24     foreign debtors and you want information from White & Case?

25          MR. ROSENBLATT:  Yeah --

15-13304-smb    Doc 49-1    Filed 06/30/15    Entered 06/29/15 23:03:32    Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 5 of 50

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Pg 4 of 50

4

1              THE COURT:  What do you want from White & Case?

2              MR. ROSENBLATT:  Your Honor, we want all documents

3     that are relevant to OAS Finance in White & Case's possession

4     that relate to their affairs, their assets -- generally all the

5     documents that are within the scope of 1521.  I think almost by

6     definition any documents that they've provided to OAS Finance

7     representing them either individually or as part of the OAS

8     Group fits within that category.  To the extent they have other

9     documents as well, we would ask for those.  If --

10             THE COURT:  How are you irreparably harmed if you

11    don't get these prior to recognition?

12             MR. ROSENBLATT:  Well, Your Honor, the issue here is

13    that proceedings in Brazil are happening very quickly.  There

14    is going to be --

15             THE COURT:  You know, I kind of get the feeling that

16    this Court in the middle of what is essentially a discovery

17    dispute between the BVI liquidators and I guess the Brazilian

18    debtors --

19             MR. ROSENBLATT:  Your Honor --

20             THE COURT:  -- can't you get this information in

21    Brazil?  Isn't that the appropriate place?

22             MR. ROSENBLATT:  It's not a discovery dispute.  It

23    goes beyond that.  We are -- the joint provisional liquidators

24    are the managers of the company.  The essentially are OAS

25    Finance.  I know that their appointment is being challenged and

15-13304-smb    Doc 49    Filed 06/01/15    Entered 06/29/15 20:03:31    Main Document

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection - Exhibit A    Pg 6 of 50
Pg 5 of 49

5

1  I know that White & Case and the entities would like to deny --

2  they're in denial about that but our -- but the joint

3  provisional liquidators are managing the affairs of the

4  company.  They are entitled to books and records.  Your Honor,

5  this could just as easily have been a turnover request but that

6  would have required an adversary proceeding and from a timing

7  standpoint, that wouldn't have worked but, Your Honor, there's

8  going to be a plan that's going to be filed in Brazil.  My

9  understanding is that it's going to be on June 16th.

10        Our joint provisional liquidators need information.

11  They need to --

12        THE COURT:  I'm not arguing with the need for

13  information but why don't you go to the Brazilian -- or seek

14  the information from the Brazilian proceeding?  You're seeking

15  information here that doesn't sound like it's relevant to COMI

16  or recognition.  It's relevant to the Brazilian plan which

17  hasn't been filed but -- so why don't you -- can't you get this

18  in Brazil?

19        MR. ROSENBLATT:  Well, it's to provide assistance,

20  Your Honor.  It's to provide assistance to the joint

21  provisional liquidators so they can what their duties require

22  them to do in the BVI --

23        THE COURT:  But the document -- the information isn't

24  here I assume.  It's probably in Brazil.

25        MR. ROSENBLATT:  Well, White & Case is here, and Your

15-13004-shl    Doc 49    Filed 06/20/15    Entered 06/29/15 22:03:32    Main Document
                                    Pg 7 of 50

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection - Exhibit A    Pg 7 of 50

6

1    Honor, the joint provisional liquidators are -- you know, they

2    have requested information in Brazil from directors.  They have

3    requested information in the BVI.  In fact, Your Honor, the --

4         THE COURT:  Have you gotten it?

5         MR. ROSENBLATT:  No, and --

6         THE COURT:  So why don't you go to the Brazilian

7    Court and say they haven't given us --

8         MR. ROSENBLATT:  Well, Your Honor, what's interesting

9    and I think the impetus for I think the recent if you'd even

10   call it cooperation on the side of the directors is that my

11   understanding is that there was a hearing in the BVI just last

12   week and I believe that the directors QC just assumed that they

13   were cooperating and when it became apparent that they weren't

14   there was a -- the BVI "was surprised," and at that point in

15   time finally after about six weeks, the directors committed to

16   turn over books and records or to at least start turning over

17   books and records.

18        But, Your Honor, just to give you some framework and

19   just to give you some background, we didn't file this motion on

20   a whim.  This done after a six-week dance with White & Case

21   where to be honest with Your Honor, we've been strung along.

22   This request was made six weeks ago, and finally on June 1st

23   after many letters, many e-mails and discussions, we finally

24   got confirmation that they were just steadfastly refusing to

25   turn over any documents on the grounds that we don't believe

15-13304-smb   Doc 49   Filed 06/30/15   Entered 06/23/15 22:03:31   Main Document
Americanas - Rule 2004 Objection - Exhibit A   Pg 8 of 50
23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
                                            Pg 7 of 39

7

1   warrant that position.

2          As I said, Your Honor, the joint provisional

3   liquidators are OAS Finance.  They are the entity that is

4   authorized to manage the affairs of OAS Finance to the

5   exclusion of all others.  There is some residual power that the

6   directors have to challenge the appointment of the other JPLs

7   in BVI and they've done but that's it, Your Honor.  The

8   authority to manage the affairs rests solely with the joint

9   provisional liquidators.

10         THE COURT:  I'm not questioning that.  I'm just

11  questioning why this dispute is here as opposed to as in Brazil

12  because you want the documents for the Brazilian proceeding.

13         MR. ROSENBLATT:  They're pursuing all avenues, Your

14  Honor.  They have requested information from the directors in

15  Brazil.  They've requested information in the BVI.  They've

16  been rebuffed at every turn.  We have filed this -- and, Your

17  Honor, we don't take lightly the fact that we are asking for

18  discovery from a law firm.  We don't take this lightly -- to be

19  quite frank, we're a little bit desperate and we feel that this

20  is information the joint provisional liquidators are entitled

21  to have, and quite frankly, we're asking for assistance which I

22  think Chapter 15, you know, embodies, that's the entire purpose

23  of Chapter 15 to provide assistance to foreign representatives

24  so they can comply with their duties in the foreign proceeding.

25         THE COURT:  All right.

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Objection - Exhibit A    Pg 9 of 50

8

1              MR. CUNNINGHAM:  Good morning, Your Honor.  John

2    Cunningham of White & Case and Greg Starner and Mike Carlinsky

3    are co-counsel of Quinn Emmanuel.  Your Honor, this is exactly

4    a discovery battle over information they want and have not

5    received in Brazil.  They --

6              THE COURT:  But if the information is present in the

7    United States, why can't they ask for it in the United States?

8    Certainly, the information regarding the financial affairs of

9    OAS Finance are something they should have.

10             MR. CUNNINGHAM:  Books and records, Your Honor,

11   ironically enough was a discovery item that Aurelius sought

12   from us because OAS Finance we were seeking recognition for.

13   We produced that to Aurelius's counsel and we produced it to

14   Chadbourne.

15             THE COURT:  Well --

16             MR. CUNNINGHAM:  So those documents are -- we have

17   the books and records.  We gave it to them.  Whatever is in our

18   possession we can give to them.  What they're doing, Your

19   Honor, is simply this.  They made a statement in front of the

20   BVI court, I made mention of this at the recognition hearing.

21   This was a statement they made.

22             "With regards to the issue of discovery, without

23   intending to waive legal professional privilege, our U.S.

24   counsel advised us that because the other OAS entities have

25   submitted to the jurisdiction of U.S. courts by virtue of their

15-13004-smb    Doc 49    Filed 05/20/15    Entered 05/20/15 22:07:32    Main Document
Pg 10 of 50

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection Exhibit A    Pg 10 of 50

9

1    own Chapter 15 petitions, they would be subject to discovery

2    and should our petition be recognized, we would be able to make

3    requests for information through discovery.  The value of

4    utilizing discovery channels in U.S. proceedings cannot be

5    understated."

6         They are using this 15 because they are frustrated in

7    their minds of getting information in Brazil --

8         THE COURT:  So why they can't do that?

9         MR. CUNNINGHAM:  Because from our point of view, Your

10   Honor, they have -- first of all, they filed in Brazil a

11   request to have the Brazilian reorganization proceeding for OAS

12   Finance Limited withdrawn and to have OAS Finance Limited

13   recognized as a creditor.  The Court last week in a ruling, and

14   I attached that ruling, Your Honor, to my letter that I

15   submitted ruled against them on that very issue.  They put it

16   in front of the Court; the Court ruled against them.  The Court

17   said when the cases were filed before me in Brazil, it was

18   clearly -- interests were in Brazil and the Court said this is

19   part of the overall reorganization of the OAS group, and

20   therefore, I'm not recognizing the subsequent proceeding that

21   has been filed in the BVI.

22        Now, they can go ahead and object just like here, you

23   know, the Supreme Court says in Celotex if you get an adverse

24   ruling you can go ahead and appeal.  They have the right to

25   appeal, they have the right to request whatever information,

15-13304-smb Doc 49 Filed 06/10/15 Entered 06/23/15 22:03:31 Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 11 of 50

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Pg 11 of 49

10

1    documents they want but that's in Brazil.  What they're asking

2    for is Your Honor to get involved with those rulings and

3    decisions and say well, we're not happy with what the Brazil

4    court is doing, we would like the New York Court to suddenly

5    start ordering discovery of information.

6          And, notably, Your Honor, they said here, they're

7    going to take discovery of the OAS debtor, the other entities.

8    They're taken against their counsel trying to get it from White

9    & Case.  I recognize Your Honor said clearly there's two

10   categories; what -- you know, documents that we have in our

11   possession that belong to OAS Finance, we can give to them.

12         THE COURT:  Well, they say though that the legal

13   materials which is sent to your joint clients is something

14   they're entitled to.

15         MR. CUNNINGHAM:  And that's what -- first of all, we

16   don't think we have any legal memoranda and we're confirming

17   that.  We told them by Monday if we have it, we would give it

18   to them but they need to know also we don't have any memorandum

19   that says OAS Finance, here's your memorandum.  It would have

20   been on behalf of the four filing debtors who we have --

21         THE COURT:  You have --

22         MR. CUNNINGHAM:  -- we have a joint privilege issue.

23         THE COURT:  You have joint clients.

24         MR. CUNNINGHAM:  Right.

25         THE COURT:  And any client is entitled to the

15-13004-smb    Doc 49-1    Filed 06/20/15    Entered 06/25/15 23:03:31    Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 12 of 50

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
A    Pg 12 of 49

11

1  information, correct?

2          MR. CUNNINGHAM:  Yes, but the other clients are also

3  -- have the right to require that they not disclose that --

4          THE COURT:  I think that --

5          MR. CUNNINGHAM:  -- information.

6          THE COURT:  -- if one of the clients becomes adverse

7  -- and I looked at -- there were a couple of cases on this one.

8  Once one of the clients in the joint client world becomes

9  adverse, it's entitled -- there is no attorney-client privilege

10  but I'm not going to decide that today.  That's obviously the

11  issue.

12          MR. CUNNINGHAM:  In essence, I -- but again, Your

13  Honor, in --

14          THE COURT:  So --

15          MR. CUNNINGHAM:  Yeah.

16          THE COURT:  -- what information is in the United

17  States that you're looking for?  I'm not going to order any of

18  these debtors to bring information from Brazil.  I don't think

19  that's what the purpose of that statute is you came here to get

20  discovery but it's discovery of information here.  So what do

21  you have besides whatever -- is it anything more than whatever

22  White & Case has in its files?

23          MR. ROSENBLATT:  Your Honor, not only should White &

24  Case [sic] should have a lot of documents in their files.

25  They've not only represented the company in the BVI, my

1  understanding is they're involved in Brazil but they're also

2  defending them in State Court actions but, Your Honor, let me -

3  - if I may just take two seconds -- you know, I don't

4  understand how anything Mr. Cunningham just talked about has

5  any relevancy whatsoever to -- as to our entitlement to

6  documents.  He says we weren't happy with rulings in Brazil.

7  They were approximately six weeks, Your Honor, on the first day

8  that the joint provisional liquidators were appointed.  It has

9  nothing to do with what has transpired thus far in Brazil.

10  It's that they needed information in order to make informed

11  decisions.

12       And, Your Honor, there's no basis for distinguishing

13  between books and records they may have and legal memoranda or

14  other documents that were prepared for OAS Finance other than

15  privilege issues but, Your Honor, the privilege runs to OAS

16  Finance.  It runs --

17       THE COURT:  Unless they prepared documents for one

18  but not all of the --

19       MR. ROSENBLATT:  I -- Your Honor, and that is

20  absolutely fair.  Yeah, to the extent they prepared a document

21  for say, OAS, S.A. solely, then yeah, I would agree with that,

22  Your Honor.

23       THE COURT:  Or maybe documents that they prepared --

24  when was the joint -- when were the joint provisional

25  liquidators --

15-13004-smb   Doc 49   Filed 06/10/15   Entered 06/25/15 22:03:32   Main Document   Pg 14 of 49

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Americanas - Rule 2004 Objection Exhibit A   Pg 14 of 50

13

1          MR. ROSENBLATT:  April 15th -- 16th.

2          THE COURT:  Maybe they can make the argument that

3  even though they were still technically representing Finance

4  after that date, you were so adverse that you're not entitled

5  to the information but we're not deciding that today.

6          MR. ROSENBLATT:  Right, yeah.  But to address some of

7  the privilege issues, Your Honor, our position is very simple.

8  It's that the joint provisional liquidators essentially are now

9  -- they are the managers.  They simply are OAS Finance, the

10  privilege runs to them.  They have the benefit of that

11  privilege.  It's not necessarily waived --

12          THE COURT:  But the question happened -- the question

13  is when you have a joint client situation and one of the

14  clients suddenly becomes adverse arguably to the other clients,

15  why do those -- does that client have the right to materials or

16  to the other three clients in essence saying, no, that's

17  attorney-client privilege.  I think the answer is that the

18  affected client may be entitled to it without privilege but

19  it's certainly not something I'm going to decide from the

20  bench.

21          MR. ROSENBLATT:  Yeah, I mean, right now -- I think -

22  - you know, I do think you're right.  I think that those are

23  mutually exclusive issues.  The entitlement is different than

24  privilege.  To the extent we're addressing privilege,  I would

25  have to refer to my expert here but right now we're talking

15-13304-smb    Doc 49    Filed 06/30/15    Entered 06/29/15 21:03:31    Main Document
Americanas - Rule 2004 Objection    Exhibit A    Pg 15 of 50

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Pg 11 of 49

1    about entitlement, Your Honor.

2              THE COURT:  All right.

3              MR. STARNER:  If I may, Your Honor.

4              THE COURT:  Who are you?

5              MR. STARNER:  Greg Starner on behalf of White & Case.

6    There are a few points that I wanted to make that I thought

7    were important, and I think that the Court started off and

8    important point which is that they're seeking discretionary

9    relief on the 1519, and so the standard is irreparable harm and

10   the question is have they made out any basis to get the

11   discovery they're seeking from a U.S. law firm, and I think I

12   have to propose to the Court that they have not.

13             What they're seeking is discovery -- now, it's

14   important to keep in mind, I think two category of discovery

15   they're seeking; one, legal memorandum, another advice that

16   White & Case may have given to the BVI entity prior to their

17   appointment, and two, information related to the OAS Group

18   generally speaking.  Two very distinct categories of

19   documentation.  And, respectfully, there's a thicket of

20   privilege issues as to the first category.  The issue of

21   whether or not they're entitled to get anything from prior to

22   their appointment, there's some significant issues there, and

23   respectfully I don't necessarily --

24             THE COURT:  So are you going to file a privilege log?

25             MR. STARNER:  Excuse me?

15-13004-smb    Doc 49    Filed 06/30/15    Entered 06/30/15 21:03:31    Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 16 of 50
Pg 15 of 49

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit

1          THE COURT:  Are you going to file a privilege log?

2          MR. STARNER:  We can certainly prepare something,

3    rather burdensome; there's a lot of materials there but, you

4    know, as to --

5          THE COURT:  How else do you decide it?

6          MR. STARNER:  True but I mean, we are certainly

7    looking for anything specifically -- any advice, materials

8    given to BVI Finance and there's association [sic] also between

9    attorney-client communications and work product of course.

10   Work product would not be something we'd ever remit, and also

11   important to keep in mind that in the BVI, the directors of the

12   company are challenging the appointment of the JPLs.  So under

13   BVI law, they retain residual authority to do that --

14         THE COURT:  Well, they can certainly challenge and I

15   recognize that they're adverse.

16         MR. STARNER:  But I'm suggesting to the Court there

17   may be issues with BVI privilege and U.S. privilege there as to

18   what privilege remains because they are, of course, adverse.

19   The directors of the BVI entity and the JPLs.

20         THE COURT:  It's true, I don't even know which law

21   privileges applies.

22         MR. STARNER:  And so I mean they suggested that we're

23   entitled -- they're entitled to get memorandums or advice we

24   gave to the directors last week in connection with challenging

25   their appointment in the BVI?  Certainly, that would not be

15-13304-shl   Doc 49   Filed 06/10/15   Entered 06/29/15 12:03:32   Main Document

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Americanas - Rule 2004 Objection - Exhibit A   Pg 17 of 50
Pg 17 of 49

16

1    something they would be entitled to.

2         But, going back to the irreparable harm, the

3    suggestion here is they need this to help them in Brazil.  You

4    know, as the Court rightly acknowledged this is not -- does not

5    have anything to do with recognition, and so they're asking the

6    Court to give them license for discovery to help them in Brazil

7    which is a different --

8         THE COURT:  I understand that but if they were

9    irreparably harmed in connection with not getting that

10   information produced in Brazil, wouldn't that satisfy the

11   irreparable harm requirement?

12        MR. STARNER:  I don't think so.  I think so right now

13   the analysis is are they -- would they be irreparably harmed in

14   connection with seeking recognition from this Court. They don't

15   have recognition yet and they're asking this Court for

16   discretionary relief and how -- so they'd have to make a

17   showing that somehow they need this in connection with getting

18   recognition.

19        And just the second point is as I think the JPLs have

20   rightly acknowledged, they are actively participating in

21   Brazil.  So they have every right to participate in Brazil.

22   They talk about a potential plan that may be filed which they

23   have every right to object to.  And then in terms of likelihood

24   of success, we haven't heard about that yet of course.  We have

25   significant issues and questions about COMI, whether COMI is in

15-13004-shl    Doc 49    Filed 05/20/15    Entered 05/25/15 23:03:31    Main Document    Pg 17 of 49

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection - Exhibit A    Pg 18 of 50

17

1  Brazil or the BVI.  As I think Mr. Cunningham noted, the

2  Brazilian Court just recently rejected the JPLs' attempt to

3  withdraw the BVI entity from the Brazilian proceeding and said

4  no doubt, COMI is in Brazil --

5          THE COURT:  Am I bound by that?

6          MR. STARNER:  I think that it's at the very least, a

7  very persuasive finding by the Brazilian Court --

8          THE COURT:  Was there an evidentiary hearing?

9          MR. STARNER:  I don't know the answer to that, Your

10  Honor, but we certainly will be prepared to explain it --

11          THE COURT:  Judges say things from the bench all the

12  time, Your Honor.  Sometimes we don't --

13          MR. STARNER:  I'm sure it was very considered, that

14  the Brazilian Court would never say something of that

15  significance, and that's a significant ruling that they -- from

16  our perspective, and then number two, there is of course the

17  COMI manipulation concerns that we have.  So significant issues

18  about well, we question whether they would have a likelihood of

19  success even if we got to that element of 1519 relief.

20          And then finally, you know, talking about public

21  policy and talking about the balance of harms, they are seeking

22  discovery from a U.S. law firm.  It's a very significant issue,

23  and the suggestion that they are -- should be allowed a license

24  to get in under the hood notwithstanding any of the thicket of

25  privilege issues that would need to be navigated here I think

18

1   presents serious issues.  And frankly falling back and just

2   coming back to I think what Mr. Cunningham mentioned to you, so

3   the two pieces are they're asking for give us everything that

4   you gave to the BVI entity prior to our appointment and give us

5   everything to do with the OAS group and help us in Brazil.

6           This first category they've asked for the materials

7   dealing with the company's finance and corporate records from

8   the directors in the BVI and now they're asking this Court

9   well, we also want to ask White & Case because if they have it,

10  we want to get it from them, too.  The directors have agreed to

11  give them the materials they have --

12          THE COURT:  Well, but from what I've been reading in

13  the letters and e-mails going back and forth they've agreed to

14  give to them but they haven't given it to them.

15          MR. STARNER:  That's true.  They are in the process

16  of pulling that together.  They've told the BVI court --

17          THE COURT:  I thought it was given to Aurelius

18  already.

19          MR. STARNER:  Well, there's -- a number of -- a lot

20  of materials were but if you recall, there was a time period

21  there that it was a little more limited and narrow.  So we're

22  willing to go beyond -- I should say the directors have

23  indicated they are going to go beyond that and collect

24  additional materials there.

25          So they are giving those materials and that's I think

15-13004-smb   Doc 49   Filed 06/10/15   Entered 06/10/15 22:03:31   Main Document
                                        Pg 19 of 49

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Americanas - Rule 2004 Objection - Exhibit A   Pg 20 of 50

19

1  consistent with what's going on in the BVI.  It's not really

2  before this Court.  They're asking this Court to give them

3  permission let's go after a U.S. law firm because that's the

4  only entity that's in the U.S. so we want to go after them and

5  we just think that's just inherently improper.

6          THE COURT:  Well, you can take discovery from law

7  firms.

8          MR. STARNER:  As a lawyer --

9          THE COURT:  I've been deposed as a lawyer.

10          MR. STARNER:  -- it raises significant issues -- I'm

11  sorry?

12          THE COURT:  I was deposed as a lawyer.

13          MR. STARNER:  Is that right?

14          THE COURT:  Yes.

15          MR. STARNER:  I'm sure you did very well, Your Honor.

16  Lawyers are easily some of the worst deponents ever.

17          I'm not saying that discovery is not in some

18  circumstances against law firms appropriate but I think here

19  it's not appropriate.  I mean, you have to make an

20  extraordinary showing that you can't get it anywhere else, and

21  at the end of the day, I guess what I'm suggesting to the Court

22  is what they're asking for we're not going to be able to give

23  it to them anyway because of the issues of privilege.

24          THE COURT:  Right.  Anybody who hasn't spoken on

25  this?

15-13304-smb  Doc 49  Filed 05/10/15  Entered 06/29/15 22:03:31  Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 21 of 50
Pg 20 of 49

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit

20

 1          MR. BRILLIANT:  Your Honor, Allan Brilliant on behalf

 2  of Aurelius and all but I actually came just to watch, Your

 3  Honor, but one thing I just would like to make clear from the

 4  record is and I think Mr. Starner, you know, said this in

 5  answering Your Honor's question.  We received very little with

 6  respect to BVI Finance.  As Your Honor knows, we asked for

 7  information sufficient to show, information sufficient to show

 8  so we did not receive all the books and records --

 9          THE COURT:  Uh-huh.

10          MR. STARNER:  -- and that has not been made publicly

11  available.

12          THE COURT:  Okay.  But you got what you asked for,

13  right?

14          MR. BRILLIANT:  Excuse me?

15          THE COURT:  You got what you asked for.

16          MR. BRILLIANT:  We got what we asked for which is --

17  we didn't ask for all the books and records of the company.

18          THE COURT:  Okay.

19          MR. BRILLIANT:  And it was -- as Mr. Starner says, it

20  was limited to a certain particular date and time.

21          THE COURT:  Okay.

22          MR. ASHLEY:  Good morning, Your Honor.  Mark Ashley

23  of Chadbourne & Parke for the JPLs.  Just a few quick points on

24  these issues.

25          First of all, as Mr. Rosenblatt said, clearly we own

15-13004-shl    Doc 49    Filed 06/30/15    Entered 06/29/15-23:03:31    Main Document
Pg 22 of 49
23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection - Exhibit A    Pg 22 of 50

21

1 the privilege currently.  The thicket of privilege issues that

2 the other side is raising has been simply the basis for them to

3 steadfastly refuse to produce anything.  We're happy to discuss

4 that thicket of privilege issues but within a joint client

5 context we are entitled at least to access to materials.

6        If they want to discuss a protocol of what we can do

7 with those -- we think we're entitled to do what we want with

8 them but if they want to discuss a protocol --

9        THE COURT:  Even if they disclosed communications

10 with the other clients?

11        MR. ASHLEY:  I'm sorry?

12        THE COURT:  Even if they disclosed privileged

13 communications with joint clients?

14        MR. ASHLEY:  If -- yes.  If Finance was a party to

15 those communications, we think we're entitled to those --

16        THE COURT:  So one member of a joint client

17 consortium can waive the privilege as to all others?

18        MR. ASHLEY:  We believe in -- when adversity has been

19 created or triggered, yes, but if there are particularly

20 sensitive documents that they want to establish a protocol

21 about that, we can discuss that.

22        Secondly, with respect to what law governs, we think

23 it is U.S. law with respect to White & Case's materials here.

24 To our knowledge, there's no conflict of law either with

25 respect to Brazil or the BVI that would give rise to any

15-13304-shl    Doc 49    Filed 06/10/15    Entered 06/25/15 21:03:31    Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 23 of 50

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Pg 22 of 49

22

1   conflict of law analysis.  We think the law is similar in all

2   the jurisdictions but in any event we think U.S. law would

3   govern.

4           There was mention of whether we're entitled to

5   privileged materials or advice given to the directors with

6   respect to challenging the BVI proceeding, we're happy to carve

7   that out.  I would concede we're perhaps not entitled to that

8   because that's the slight residual power that the directors

9   have left.  We would carve that out from our request.

10          Finally, Your Honor, just -- there was mention of

11  this COMI finding -- supposed COMI finding in Brazil.  I would

12  just note that that was a gratuitous statement by the Judge.

13  The absence of evidence were argument.  COMI is an alien

14  concept in Brazilian law, and in any event as Your Honor I

15  think suggested, this Court has to make its own independent

16  analysis.

17          THE COURT:  Okay.  Look, I am -- I'm not going to

18  grant the application for emergency discovery.  You failed to

19  demonstrate that you'd be irreparably harmed by not getting it.

20  None of this discovery really relates to the issue that's going

21  to be before me initially at least; that is recognition of the

22  BVI provision as a -- I assume a foreign main proceeding.

23          All of this discovery seems to relate then and your

24  application says you're concerned about the Brazilian plan and

25  how it's going to affect your rights.  Being told that you've

1    requested the information in Brazil also, you certainly have an

2    adequate remedy there.  I would be surprised if you can't get

3    information in Brazil.  Obviously if you can't, that's one

4    argument as to why a plan shouldn't be recognized.

5         And, although it hasn't really been discussed at

6    length, I think there's a very serious question about whether

7    the BVI proceeding would be recognized either as a main or

8    foreign proceeding.  There are substantial COMI questions which

9    came up in connection with OAS Investments, the Austrian entity

10   at the hearing on recognition.  And maybe the resolution of

11   that issue will clarify whether or not the BVI proceeding to be

12   recognized as a main proceeding.  I don't know the basis to

13   recognize it as a non-main proceeding.  I assume you've asked

14   for that in the petition.

15        So there is a substantial question about that but

16   really the bottom line is that this information is in Brazil,

17   we've requested it in Brazil and it concerns a Brazil

18   proceeding.  You failed to show that you're irreparably harmed

19   if you don't get it through White & Case here or through an

20   order which essentially forces the Brazilian directors to bring

21   the information into the United States which I don't think is

22   an appropriate use certainly on an emergency basis of getting

23   information.

24        Now, I also got a letter from Quinn Emmanuel.  Did

25   you see that letter?

Ad Hoc Transcription, LLC
1915A Stonegate Lane
Stanhope, New Jersey 07874
(888) 516-5553
www.adhoctranscription.com

15-13304-smb   Doc 49   Filed 05/20/15   Entered 05/20/15 21:07:31   Main Document
Pg 25 of 49

23-10092-mew   Doc 58-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Americanas - Rule 2004 Objection Exhibit A   Pg 25 of 50

24

1          MR. ROSENBLATT:  We did.

2          THE COURT:  Why don't we deal with this one now.  Go

3 ahead.

4          MR. CARLINSKY:  May I be heard, Your Honor?

5          THE COURT:  Yes.

6          MR. CARLINSKY:  Michael Carlinsky from Quinn

7 Emmanuel.  The question raised by our letter is whether or not

8 the JPLs should be required to produce documents responsive to

9 two document requests.  We served a set of document requests to

10 Your Honor in connection with the JPLs' application for

11 recognition and we asked for eleven categories of documents.

12 There are two that are at issue and they're identified in our

13 letter.

14          One is documents regarding communications between the

15 JPLs and creditors, and the second is documents concerning the

16 JPLs' decision to withdraw or attempt to withdraw Mr. Tavares'

17 filing of the Chapter 15.  I just want to give the Court a

18 little bit of context.

19          When Aurelius came in here and was challenging Mr.

20 Tavares' authority as a foreign representative and the issues

21 of where is COMI with respect to the Austrian entity, we turned

22 over documents.  We made Mr. Tavares available.  He sat for

23 deposition for nine hours.  He asked for -- he was asked all

24 questions regarding his authority in COMI.  Mr. Munhoz was

25 deposed for five or six hours and of course answered all the

1  questions.

2       Here, we have a very serious question, and I don't

3  mean to echo Your Honor's comments from a few moments ago but

4  there's a real serious issue here as to whether or not the JPLs

5  can get recognition of the BVI action as foreign main.  They've

6  not sought in their application to treat it as foreign non-

7  main.  So it's only about foreign main.

8       And the -- the facts here and the sequence of what

9  happened is also important.  As Your Honor knows, the Chapter

10 15s were filed here by Mr. Tavares on behalf of all four

11 debtors on April 15th.  Within twenty-four hours, at the

12 direction of Aurelius, the JPLs sought and were appointed by

13 the BVI court as provisional liquidators and as we've seen in

14 some of the materials we provided to the Court, Aurelius is

15 both paying the fees and indemnifying, the -- Finance's stake

16 in the BVI.

17      As this Court recognized in Sun Trust, as the Second

18 Circuit recognized --

19      THE COURT:  Sun Tech.

20      MR. CARLINSKY:  Sun Tech.  I'm sorry.  Sun Tech,

21 thank you, Your Honor.

22      THE COURT:  Sun Trust is a Florida bank.

23      MR. CARLINSKY:  Yeah.  Different case.  Sun Tech as

24 well as -- there's a real issue as to whether COMI has been

25 manipulated and here, it is a real issue.  If you just look at

15-13004-smb    Doc 49    Filed 06/30/15    Entered 06/30/15 22:03:31    Main Document
Pg 27 of 49

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection - Exhibit A    Pg 27 of 50

26

 1    the circumstances of the timing of things, it sort of raises a

 2    clear red flag.  The JPLs are saying one of the bases for why

 3    COMI should be recognized in the BVI is that the JPLs have been

 4    involved with the creditors, have been having communications

 5    with creditors.  They're relying on that fact to support what

 6    they're going to ultimately argue to Your Honor demonstrates

 7    COMI in the BVI, yet when we ask for those communications,

 8    we're told no.

 9           Now, we had -- it wasn't myself but White & Case had

10    a meet and confer with Chadbourne & Parke a week ago, and at

11    that point in time, we were told the only category that the

12    JPLS really objected to was Category 8 which are documents

13    concerning the decision to withdraw Mr. Tavares' Chapter 15.

14    With respect to the other category, namely communications with

15    creditors, they would produce documents from the point of their

16    appointment forward but would not go backwards, and we said

17    that's not acceptable to us but at least we don't have to

18    disagree on the documents post-their appointment.

19           Now their position is they're not going to produce

20    either category and the objections that have been leveled, Your

21    Honor, are somewhat of the sort of kitchen sink but that it's

22    burdensome, it's not relevant, and then they throw in for good

23    measure that it may amount to a waiver of privilege materials.

24    It's hard to imagine the burden associated with producing to us

25    documents regarding communications with creditors particularly

15-13304-smb    Doc 49    Filed 06/10/15    Entered 06/29/15 11:03:31    Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 28 of 50

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Exhibit A    Pg 12 of 49

27

1  since they're relying upon that as a fact to support their

2  claim that COMI should be recognized in the BVI.

3          We've also been told that their communications with

4  Aurelius go back a week or two from the April 16th appointment.

5  So again if we're asking the question of burden, it's really

6  hard to see how there could be much of any burden with

7  requiring if there are e-mails, if there are memos between

8  Aurelius or other creditors on the one hand and the JPLs that

9  they be required to produce those.

10          On the relevance issue, I don't have to tell the

11  Court the definition of relevance but here, it is clear we're

12  going to be challenging COMI, and it is clear that the Court is

13  going to have to look at whether or not COMI exists and whether

14  or not it has been manipulated, and this would be a very

15  important focus.  And I'll give the Court I think the most

16  obvious example.  We may see a communication, for example, from

17  Aurelius.  It may say to Grant Thornton we would like you to

18  file immediately for liquidation -- to be appointed as

19  liquidators in the BVI because we're expecting Mr. -- we're

20  expecting OAS to file Chapter 15 proceedings in the U.S. and

21  we'd like to ultimately take steps to move the COMI to BVI or

22  we may --

23          THE COURT:  Wouldn't you love to find that.

24          MR. CARLINSKY:  Or something -- I would love to find

25  that and I'm still optimistic that something similar to that

1  will -- but whatever the communications are, Your Honor

2  deserves to see them and be able to assess what really went on

3  that caused these JPLs to run into the BVI to take the actions

4  that they did at whose behest and at whose direction and

5  control are they really acting at this point.

6        And similarly with respect to Category 8, Your Honor,

7  the decision to withdraw is relevant here, and it's relevant

8  for a separate purpose besides just the question of COMI.  It's

9  relevant for the following reason.  As Your Honor I think

10 understands, if COMI is not in the BVI and there's no request

11 for a foreign non-main, then either it would be thumbs up or

12 thumbs down on whether the JPLs' Chapter 15 could be recognized

13 here and we think ultimately that that recognition will not be

14 granted, and so then the question is why are they taking the

15 position, why have they sought to withdraw Mr. Tavares' filing

16 of the Chapter 15.  Do they really think it's in the best

17 interest of creditors, the creditors of Finance if they -- all

18 creditors as opposed to just Aurelius, do they really think

19 it's in the best interest of all creditors that there be no

20 recognition, that there no stay associated with a Chapter 15

21 recognition and that also --

22       THE COURT:  Well, they've already said they don't

23 fight the plan that they anticipate because it's going to

24 substantively consolidate and wipe out their claim.

25       MR. CARLINSKY:  That can be their position but what

15-13004-smb  Doc 49  Filed 06/30/15  Entered 06/30/15 22:03:31  Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 30 of 50

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Pg 29 of 49

29

1  about the stay.  Is that really something that they feel is not

2  in the best interest of all creditors, the stay that would go

3  along -- or the stay that would have gone with Mr. -- the

4  recognition of Mr. Tavares' filing of the Chapter 15?

5              And so they've sought to withdraw the --

6              THE COURT:  Well, they got the stay.

7              MR. CARLINSKY:  They have a TRO --

8              THE COURT:  Well, the damages -- you know, is there

9  any property left that can be seized --

10             MR. CARLINSKY:  I don't know.

11             THE COURT:  -- in the United States?

12             MR. CARLINSKY:  I don't know.  But if their Chapter

13 15 is not recognized, can they ask for a stay?  I don't know

14 the answer to that.  Or can they ask for a TRO.  So they've

15 come in and they've asked the Court to withdraw or dismiss Mr.

16 Tavares' Chapter 15, and we brought this up, Your Honor, at --

17 I think it was at the recognition hearing -- and of course that

18 has not been done.  The Court has not withdrawn or dismissed

19 Mr. Tavares' Chapter 15 and one of the --

20             THE COURT:  He didn't proceed with recognition on it.

21             MR. CARLINSKY:  We didn't --

22             THE COURT:  So I don't --

23             MR. CARLINSKY:  -- no, we respected --

24             THE COURT:  -- I don't have to do anything.

25             MR. CARLINSKY:  You don't have to do anything but

30

1   what we think has to happen is if they have to proceed, if they

2   are going to continue to pursue this request for dismissal or

3   withdrawal that it should be done on notice and there should be

4   a hearing because under 305 this Court has to make a

5   determination that dismissal or withdrawal is in the best

6   interest of creditors, and it raises real questions as to what

7   are they really up to here and at whose direction are they

8   acting.  Are they acting at the direction of a creditor,

9   Aurelius and its affiliates or are they really acting because

10  they're doing so in the best interest of all creditors, but

11  that's not a question for today.

12         All we want today is that they be required on

13  Category 2 to produce the communications including those that

14  predate in the week or two prior to their appointment and

15  documents concerning the decision to withdraw or seek

16  withdrawal of Mr. Tavares' petition, and I don't understand how

17  there could be any privilege associated.  If there are

18  documents that are privileged, they can assert privilege but

19  communications with a third-party creditor couldn't possibly be

20  privileged, and that's our request, Your Honor.  Thank you very

21  much.

22         MR. ASHLEY:  Good morning again, Your Honor.  Marc

23  Ashley from Chadbourne & Parke.

24         First of all, just a moment's worth of context.  The

25  argument at least to me is stark.  They told us today that they

15-13304-smb   Doc 49   Filed 06/10/15   Entered 06/25/15 12:03:31   Main Document
Americanas - Rule 2004 Objection - Exhibit A   Pg 32 of 50

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Pg 32 of 49

31

1  were going to -- they were willing to produce certain materials

2  to us; they never did after weeks of requests.  We on the other

3  hand are engaged in no gamesmanship here, Your Honor --

4          THE COURT:  Well, they tell me -- this letter says

5  you've met and conferred and your position is the --

6          MR. ASHLEY:  And I'll explain just -- we have been

7  cooperative and efficient.  We are taking positions with

8  respect to their requests that are clearly mandated by the case

9  law.  As I speak to you, I don't know what's in the documents.

10  We're in the process of collecting -- this is not a -- these

11  are not tactical decisions.  I've looked at the case law and I

12  think our positions are clearly mandated by the cases.

13          First of all, Your Honor, the -- we've asserted very

14  limited objections.  We have agreed to produce documents with

15  respect to nine out of the eleven requests.  We've objected to

16  none of their four deposition notices.  So in my view we are

17  the cooperative side in this dispute, and if anyone is playing

18  games, it's the other side.

19          A threshold issue, Your Honor, that was referenced

20  here; in Mr. Carlinsky's letter, he cites to the Second

21  Circuit's Fairfield case which I know Your Honor is familiar

22  with.  The Second Circuit in Fairfield indicated that COMI is

23  determined as of the time of the filing of the Chapter 15

24  petition but then generously allowed consideration of supposed

25  COMI manipulation of the time period starting from the date of

32

1 the initiation of the foreign proceedings.  That's the position

2 we're taking here, and by the way Your Honor adopted the same

3 standard in <u>Sun Tech</u> last year.

4          THE COURT:  But in all the discovery that I've dealt

5 with in this case so I think I dealt with it also in Aurelius

6 and Alden, you go back a little bit in time before the

7 commencement of the foreign proceeding because there may be

8 documents relevant to the manipulation of the COMI which led up

9 to the filing of the foreign proceeding in the first place.

10          In other words, their argument is that before

11 anything was filed, we got -- Aurelius and Alden I guess got

12 together and they -- let's rest control of this process even

13 though the BVI has nothing to do with this company and it's

14 registered there, we're going to get the JPLs appointed and

15 they're going to start to talk to creditors and then they're

16 going to come here and say look at all the stuff we found, this

17 is our nerve center.  That's really what the theory of the case

18 is.

19          MR. ASHLEY:  Right.  And -- right.

20          THE COURT:  And I can't really limit them to

21 communications that occurred after the JPLs who were appointed

22 and we're really not talking about a long period of time before

23 then because all of this has erupted in a relatively short time

24 span.  I don't know how you use that cutoff date to that

25 particular category.

15-13304-shl   Doc 49   Filed 06/30/15   Entered 06/30/15 22:03:31   Main Document
Americanas - Rule 2004 Objection - Exhibit A   Pg 34 of 50

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Document   Pg 35 of 49

1          MR. ASHLEY:  I guess, Your Honor, we think that you

2   can reach that sort of -- that bright line because the Second

3   Circuit has already articulated it.  The Second Circuit --

4          THE COURT:  That wasn't a discovery decision though.

5          MR. ASHLEY:  But the Second Circuit's sort of policy

6   consideration was that if you allow discovery or consideration

7   to go back in time, it can go endlessly back in time and at

8   some point a bright line has to be established.

9          THE COURT:  But they're not asking for discovery

10  regarding what Finance did in the BVI in terms of conducting

11  business or anything like that.  They're making a very specific

12  allegation on this point that Aurelius and Alden got together;

13  they decided that a JPL should appoint -- be appointed and then

14  create an aura of COMI in BVI when none previously existed in

15  order to rest control of the case from the Brazilian

16  proceeding.  That's their theory.

17         MR. ASHLEY:  I know that's their theory and --

18         THE COURT:  And I just can't see how I can stop and

19  start it on the day that the filing -- you know, that the

20  application was filed in the BVI.

21         MR. ASHLEY:  Last thing I'll say on that is I think

22  the Second Circuit has indicated that it's legally irrelevant

23  and it's significant what happens before that date because it

24  sought to establish a bright line with respect to this sort of

25  analysis.  And that -- by the way, that timing language was

15-13004-smb   Doc 49   Filed 06/30/15   Entered 06/29/15 22:03:32   Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 35 of 50
Pg 35 of 49
23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit

34

1  conveniently absent from their --

2             THE COURT:  We know what the case says.

3             MR. ASHLEY:  Let me make one thing very clear.  There

4  was -- in -- to my listening wild exaggeration in their

5  characterization of our views.  We never said that we're not

6  producing communications with creditors.  We have again made

7  limited objections to two requests; otherwise, we intend to

8  produce all responsive materials.

9             THE COURT:  Is your objection to simply a timing

10  request or is it a request to communications with Aurelius and

11  Alden?

12            MR. ASHLEY:  It's twofold.  One was based on timing.

13  We understood the request as primarily dealing with the time

14  that predated the appointment and that seemed to be the gist of

15  the request, but to the extent that it seeks documents from

16  after --

17            THE COURT:  Well, you know, the answer is they're not

18  joint provisional liquidators until they're appointed joint

19  provisional liquidators.  So they can't have communications as

20  joint provisional liquidators with Aurelius or Alden or anybody

21  else until they're appointed.

22            MR. ASHLEY:  Well, the request is regarding their

23  appointment.  I understood that to be regarding their

24  prospective or potential appointment.

25            THE COURT:  Oh, okay.  I see.

15-13304-smb  Doc 49  Filed 06/30/15  Entered 06/29/15 22:03:32  Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 36 of 50
Pg 36 of 49

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit

1    MR. ASHLEY:  And to the extent, Your Honor, that the

2  request seeks documents from April 16th, we think that there's

3  an important issue there, that request -- discovery requests

4  that go to the efficacy or validity of the BVI proceedings are

5  really out of the bounds of discovery here.  If they want to

6  complain about the validity of the BVI proceedings, they can go

7  to BVI and they absolutely have done so with full gusto.

8    THE COURT:  Well, one of the arguments you're going

9  to make for COMI that among the things we have done in the BVI

10  is we have defended the appointment of the JPLs?

11    MR. ASHLEY:  Yes.  So the activities that post-date

12  the appointment are fair game.  I understand that they have --

13  that they suppose a COMI manipulation theory.  Again, we're

14  going to be producing documents from after that period.

15    I would like to cite, Your Honor, a case that I think

16  goes to Request Number 2, the <u>SMP Boat Services</u> case from the

17  Southern District of Florida in 2012.  There, the Bankruptcy

18  Court was found to have abused its discretion in allowing

19  discovery that went to the bonafides of the specific foreign

20  proceeding as opposed to the generic foreign proceeding more

21  generally.

22    THE COURT:  Oh, I don't think there's anything

23  inconsistent with concluding that the JPLs are appointed and

24  they are the JPLs and they representatives of Finance but yet

25  finding that there's a manipulation of COMI.

15-13304-smb    Doc 49-1    Filed 06/10/15    Entered 06/23/15 22:03:31    Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 37 of 50
23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Page 31 of 49

36

 1           MR. ASHLEY:  Right.  And I'm just referring to

 2    Request Number 2 which is about the validity -- if it's about

 3    the validity of the appointment to us, that's --

 4           THE COURT:  That's an issue for the BVI court.  I'm -

 5    -

 6           MR. ASHLEY:  Well, right.  That's why we objected to

 7    it, based on timing and the gist of it as going to the efficacy

 8    of the BVI proceeding --

 9           THE COURT:  I don't -- well, maybe I should hear from

10    the other side as to what -- again, as to what the purpose of

11    Request Number 2 is.  I'm not going to rule that they were not

12    properly appointed --

13           MR. CARLINSKY:  No, and that's not the point of --

14    that's not the point of Request Number 2, and I think we made

15    it clear -- I didn't but in the meet and confer.  We want to

16    see the communications that led to the appointment of the JPLs.

17    Very plain and simple.  Your Honor articulated it better than I

18    can.  We believe that this was all contrived or manipulated, we

19    believe Aurelius and Alden did exactly what Your Honor was --

20           THE COURT:  Speculating.

21           MR. CARLINSKY:  -- speculating or we're -- but that's

22    what we believe really happened and the only way to know for

23    sure is to look at when those communications started, what were

24    the communications, what were the requests, what were the

25    directions.  And I have to ask sort of the simple question

15-13304-smb   Doc 49   Filed 06/10/15   Entered 06/23/15 22:03:32   Main Document
Americanas - Rule 2004 Objection - Exhibit A   Pg 38 of 50

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Pg 39 of 49

1  which is a question my mother would ask which is what are they

2  hiding?  What are they hiding?

3          THE COURT:  Sounds like the same question --

4          MR. CARLINSKY:  It can't be --

5          THE COURT:  -- my mother would ask but I'm not sure

6  it's a legally relevant --

7          MR. CARLINSKY:  And the answer is, Your Honor, I

8  don't know if there's anything to hide.  That is the -- our

9  positions are dictated what we think are clear legal

10 principles.

11         MR. ASHLEY:  But if it's a relevance issue, the scope

12 of relevance is so broad --

13         THE COURT:  Well, let me say this.  My reaction is

14 that they are entitled to the documents under Request Number 2

15 that they've requested for the reasons we discussed.  I also

16 recognize that you just got this letter.  So, if you want to

17 make a motion for a protective order, I'm not stopping you.  I

18 just think that they're entitled to it.  It fits within their

19 manipulation of COMI theory.  And it's certainly not

20 burdensome, you're talking about a couple of weeks of

21 communications and certainly communications I guess post-

22 appointment are relevant -- you know, the pleadings themselves

23 that you communicated with the stakeholders and obviously

24 Aurelius and Alden are stakeholders and one of the things the

25 JPLs argue is that, you know, look at everything we're doing,

15-13064-smb    Doc 49    Filed 06/30/15    Entered 06/29/15 21:03:31    Main Document

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection Exhibit A    Pg 39 of 50
Pg 39 of 49

38

1  we are administering this case; as part of that administration,

2  we are communicating with the creditors obviously.

3          MR. ASHLEY:  And, again, we weren't objecting to

4  communications generally post-appointment.  That was not our

5  position.

6          THE COURT:  That's my reaction.

7          MR. ASHLEY:  With respect to Request Number 8, Your

8  Honor, with pertains to the withdrawal of the Tavares Finance

9  petition, we believe again it's -- we're taking principal

10 position, a position that is not dependent on our knowledge of

11 any documents.  Our view is that it is only the fact of the

12 withdrawal of Tavares' authority that is relevant to COMI.

13         THE COURT:  Now, what -- other than the fact that

14 this is one of the activities of the JPLs, why do you need that

15 information?

16         MR. CARLINSKY:  We'd like to see what was the

17 rationale.  Was it a legitimate rationale as to why they were

18 asking for or ultimately decided to seek the withdrawal by Mr.

19 Tavares or was it being done at the behest of a creditor or was

20 it being done for some other interest other than really their

21 desire to seek recognition of their own Chapter 15.

22         THE COURT:  Well, you've already -- you're going to

23 presumably get documents that deal with communications with

24 creditors about all issues.

25         MR. CARLINSKY:  Yes.

15-13004-smb   Doc 49   Filed 06/10/15   Entered 06/29/15 22:03:31   Main Document
Americanas - Rule 2004 Objection - Exhibit A     Pg 40 of 50

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
                    Pg 53 of 49

39

 1          THE COURT:  So why wouldn't that -- what you're

 2  seeking be swept up in that?

 3          MR. CARLINSKY:  It may be but if it's not a

 4  communication with creditors, if it's a communication for

 5  example between the two JPLs themselves, so I'm going to leave

 6  out what may be clearly privileged which may be communications

 7  between the JPLs, Grant Thornton and their counsel but there

 8  could be a multitude of documents within Grant Thornton or

 9  there could be communications with others, not creditors that

10  bear on this particular issue.  And again I think it's

11  something that the Court deserves to see.  It may ultimately

12  bear on the manipulation --

13          THE COURT:  How does it -- it certainly doesn't bear

14  on recognition, does it?

15          MR. CARLINSKY:  I think it goes to -- it could go to

16  the COMI manipulation point again which is why are they -- why

17  did they take the actions they took with respect to withdrawing

18  Mr. Tavares' application.  Why did they -- why were they

19  refusing to agree to keep Mr. Tavares' stay which the Court had

20  issued in place.  What is the motivation here and at whose

21  direction are they acting.

22          THE COURT:  I thought they initially did a deposition

23  and then they got their own stay.

24          MR. CARLINSKY:  Well, they asked for their own stay

25  and they refused our request to keep effectively two stays in

15-13304-smb   Doc 49   Filed 05/20/15   Entered 06/23/15 22:03:34   Main Document
Americanas - Rule 2004 Objection 19 Exhibit A    Pg 41 of 50

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Pg 41 of 49

40

1  place, Mr. Tavares' --

2        THE COURT:  It wasn't for them to grant you a stay,

3  them being the BVI JPLs.  They got their own stay from --

4  essentially from Aurelius and Alden who were going to attach

5  property.  You know, given the level of animosity, it's clear

6  to me why, you know, Aurelius and Alden would not grant a

7  further stay to the other OAS entities and Mr. Tavares.

8        MR. CARLINSKY:  Well, what we asked the JPLs, it was

9  that we would ask Your Honor to keep the stay in place that Mr.

10  Tavares got without prejudice at all to the JPLs' position and

11  the JPLs would seek their own stay.  They refused.  They said

12  we're not going to agree to that.  We're only going to seek --

13  we're going to seek our own stay.

14        But the real question is why is this happening and

15  whose direction are they acting.  Are they truly acting because

16  they think they're acting in the best interest of Finance or

17  are they doing so at the behest of somebody.

18        THE COURT:  Have you made that argument to the BVI as

19  to why they should not -- you know, they're not proper

20  fiduciaries?

21        MR. CARLINSKY:  I believe so.  Greg, can you speak to

22  that question?

23        MR. STARNER:  Sure.

24        MR. CARLINSKY:  I have not been involved in the BVI

25  proceedings.

15-13004-shl mew Doc 49-1 Filed 05/01/15 Entered 05/29/15 23:03:31 Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 42 of 50

23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Pg 42 of 49

41

1          THE COURT:  So, if the BVI court rejects that

2   argument, isn't that an implicit conclusion that they're acting

3   improperly as fiduciaries?

4          MR. CARLINSKY:  Well, I'm not sure --

5          THE COURT:  I mean, in other words, how many times

6   are we going to litigate the same issue?  The issue for the BVI

7   Court is whether or not these two people should be JPLs.

8          MR. CARLINSKY:  Right.

9          THE COURT:  And that --

10          MR. CARLINSKY:  But that --

11          THE COURT:  And that issue is before the -- the issue

12   you just raised --

13          MR. CARLINSKY:  But this -- but --

14          THE COURT:  -- is before the BVI Court.

15          MR. CARLINSKY:  This issue, Your Honor, is slightly

16   different which -- I don't think is before the BVI Court which

17   is why did the JPLs and at whose behest and direction did the

18   JPLs come to this Court and seek to withdraw Mr. Tavares'

19   Chapter 15.

20          THE COURT:  I just don't see how that is germane.

21   Again, you can make a motion --

22          MR. CARLINSKY:  Okay.

23          MR. CARLINSKY:  -- but my reaction is the fact that

24   they did it, yes, that's relevant because it's one of the

25   activities that they've engaged in and they're going to argue

15-13004-smb mew Doc 59-1 Filed 06/20/16 Entered 06/20/16 22:03:31 Main Document
Americanas - Rule 2004 Objection - Exhibit A    Pg 43 of 50
Pg 42 of 49

42

1  that's evidence that they're administering the estate but why

2  they decided to do it and whether they did it in breach of

3  their fiduciary duties to the creditors and the BVI is -- you

4  know, I think that's something you should take up with the BVI

5  Court which it sounds like you've done but again this all comes

6  out of the letter I received this morning and anybody is free

7  to make an appropriate motion.  I think that's how it should be

8  resolved.

9        MR. CARLINSKY:  Well, just for clarification, with

10 respect to the Chapter -- the Category 2 or Request Number 2

11 documents, do we have Your Honor's ruling so we can proceed on

12 that --

13       THE COURT:  Well, my reaction is of everything I've

14 heard that you're entitled to it for the reasons I've stated.

15 They think otherwise.  I haven't had the benefit of legal

16 briefing or anything like that.  You can make a motion.

17       MR. ROSENBLATT:  Your Honor, may I just be heard for

18 a moment.  I just heard you on Request Number 2.  As far as

19 timing goes as ties into relevancy, it is very rare where we

20 have a clear express indication from the Second Circuit on an

21 issue but in the Fairfield decision and I know you're familiar

22 with it, Your Honor, there's a heading which talks about COMI

23 manipulation and it says relevant time period, and it's one

24 sentence.  The sentence says:

25             "To offset a debtor's ability to manipulate its COMI,

15-13004-smb   Doc 49   Filed 05/10/15   Entered 05/25/15 22:08:31   Main Document
Americanas - Rule 2004 Objection Exhibit A    Pg 44 of 50

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Pg 44 of 49

43

 1                    a court may also look at the time period between the

 2                    initiation of a foreign liquidation proceeding and a

 3                    filing of a Chapter 15 petition."

 4          It's clear as day, Your Honor, the Second Circuit is

 5  telling us what is relevant in the context of a COMI

 6  manipulation issue.

 7          THE COURT:  But discovery may be relevant or is

 8  arguably relevant to whether or not the JPLs were manipulating

 9  COMI after they were appointed based upon this "conspiracy"

10  that was entered into to get them appointed in the first place,

11  and that's what their argument is.  I understand what the law

12  is but that was not a discovery decision.  Yes, I have to look

13  at what the JPLs did but why they did it is also -- you know,

14  I'm repeating myself but why they did --

15          MR. ROSENBLATT:  Well, Your Honor, I think all that

16  goes to -- and respectfully, I think all of those issues, okay,

17  the events leading --

18          THE COURT:  Let me -- let me -- yeah, let me put it

19  to you this way.  The day before the petition in the BVI was

20  filed, there is a document for evidence that Aurelius and Alden

21  got together with Grant Thornton and said, you know, we have a

22  really good idea.  We have nothing to do with BVI but let's

23  file the case here, we'll start to administer the case and

24  we'll torpedo the New York Chapter 15 and maybe the Brazilian

25  proceeding.  You don't think I can consider that?

15-13004-smb    Doc 49-1    Filed 06/10/15    Entered 06/23/15-22:03:31    Main Document
Americanas - Rule 2004 Objection Exhibit A    Pg 45 of 50

23-10092-mew    Doc 58-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Pg 45 of 49

44

1          MR. ROSENBLATT:  No, they should -- I'm sorry.

2          THE COURT:  You don't think I can consider that?

3          MR. ROSENBLATT:  I think they should go to the BVI,

4     Your Honor.  I think that that is --

5          THE COURT:  I'm asking a different question on the

6     issue of COMI.  You don't think I can consider that?

7          MR. ROSENBLATT:  I don't think that that's relevant,

8     Your Honor.  I think --

9          THE COURT:  All right.  I disagree.

10         MR. ROSENBLATT:  It's in -- when they had their

11    Chapter 15 case, they took the very clear position that

12    recognition was a check-the-box process.  It is very -- it's

13    formulaic.

14         THE COURT:  But nobody is arguing at least with the

15    two Brazilian entities that COMI was manipulated and frankly

16    nobody argued that COMI was manipulated with the Austrian

17    entity.

18         MR. ROSENBLATT:  Well, again I'm not sure how COMI

19    was per se manipulated.  They're not -- I mean, they were

20    appointed by the BVI court.  Are they suggesting that the BVI

21    Court is complicit in COMI manipulation?  We are basing our

22    argument on COMI on what the provisional liquidators did from

23    when they were appointed, Your Honor, the actions that they

24    took to administer the BVI proceeding.  I think that's why

25    Fairfield is relevant.  It talks about -- it tells you what is

15-13304-smb  Doc 49  Filed 06/10/15  Entered 06/23/15 23:03:32  Main Document
Pg 45 of 49

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Americanas - Rule 2004 Objection Exhibit A   Pg 46 of 50

45

 1  relevant --

 2            THE COURT:  I understand --

 3            MR. ROSENBLATT:  -- respectfully --

 4            THE COURT:  -- they're arguing that the "conspiracy"

 5  to appoint the JPLs in the first place is part of the COMI --

 6            MR. ROSENBLATT:  And I respectfully submit, Your

 7  Honor, that that is an issue that they should take up in the

 8  BVI.  If they believe that that's the case, that is perhaps a

 9  very valid basis to dismiss the BVI proceeding, and Your Honor,

10  they have challenged -- they have lodged multiple challenges in

11  the BVI.  I think those issues are relevant to the BVI

12  proceeding.  I don't think that they're relevant at all to

13  recognition.

14            The last issue I'll address, Your Honor, just very

15  quickly because it's now been raised twice and I sat quietly at

16  their recognition hearing and I didn't raise the issue but

17  they've said with respect to their outstanding OAS Finance case

18  about Section 305 and our ability to withdraw -- just to be

19  very clear, Section 305 does not apply in a Chapter 15 case --

20            THE COURT:  Well, stop.  The only thing is I sort of

21  have this hanging Chapter 15 case which was commenced by Mr.

22  Tavares and it's there --

23            MR. ROSENBLATT:  Your Honor, thirty seconds.  Section

24  103 of the Bankruptcy Code tells us what sections of the

25  Bankruptcy Code apply in chapter cases, and Your Honor,

46

1   unfortunately, I was involved in the losing side of Ottavia

2   [ph], you're aware -- if you learned anything from that case,

3   it's this:  It's the Second Circuit case literally 103.  If a

4   section [sic] is referenced in 103, it applies in Chapter 15.

5   If it's not, it doesn't apply.  They're --

6           THE COURT:  Oh, you mean Barnett?

7           MR. ROSENBLATT:  Yeah, yeah, and Barnett, yes.

8           I understand why they might be confused.  Section

9   305(b) does reference Chapter 15, and the purpose of that and

10  it's addressed squarely in the British American case is there

11  is a situation where post-recognition a foreign representative

12  has the ability to perhaps dismiss a case that's filed -- a

13  case that's filed perhaps an involuntary with respect to the

14  foreign debtor but the issue is addressed squarely in the

15  British American case, Your Honor.  Section 305 does not apply

16  in Chapter 15.

17          What should happen with respect to their -- the sort

18  of in space --

19          THE COURT:  Can't you make a motion to dismiss the

20  petition though?

21          MR. ROSENBLATT:  Well, Your Honor, I think we have

22  the ability to just simply withdraw but at the very least just

23  so third parties are aware of what's going on and I think Your

24  Honor had mentioned this in the past, at the very least, they

25  should file a 1518 statement updating parties who may not have

15-13304-smb   Doc 49   Filed 06/30/15   Entered 06/29/15 22:03:31   Main Document
Americanas - Rule 2004 Objection   Exhibit A   Pg 48 of 50

23-10092-mew   Doc 58-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Pg 14 of 49

47

1  been in court during recognition, who may not know what's going

2  on to let them know that we've been appointed and that they

3  have no authority to act.  They haven't done that, Your Honor,

4  and I'm not sure why.

5          It may be again a matter of procedural -- we believe

6  that we have the ability to withdraw it.  305 --

7          THE COURT:  It's very rare that you can simply

8  withdraw a petition and I'm not talking about 15 necessarily --

9          MR. ROSENBLATT:  Yeah.

10         THE COURT:  -- but involuntary petitions and

11 obviously other types of petitions.  I mean, I suppose under

12 Rule 1018 I could make Rule 12 apply and you can make a motion

13 to dismiss the petition on the grounds that the petition lacks

14 authority.

15         MR. ROSENBLATT:  Admittedly, it's an odd situation

16 but certainly 305 --

17         THE COURT:  Well, ruling COMI is also very odd with

18 two different --

19         MR. ROSENBLATT:  I've been involved in a lot of cases

20 where you have dual main proceedings, Your Honor.  Admittedly,

21 I've never been involved in dual Chapter 15 ancillary

22 proceedings.

23         But I do think it's clear though Section 305 does not

24 apply.  There is no requirement per se that we file a motion.

25 Given that we are OAS Finance, we manage the company, and again

15-13304-shl   Doc 49   Filed 06/30/15   Entered 06/29/15 22:03:31   Main Document
Pg 49 of 49

23-10092-mew   Doc 59-1   Filed 12/06/23   Entered 12/06/23 01:04:46   Exhibit
Americanas - Rule 2004 Objection - Exhibit A   Pg 49 of 50

48

1  I know -- they are in denial and they don't acknowledge -- but

2  we are.  That is the situation, Your Honor.  There is an order

3  of the Court.  We should be able to just have that matter

4  withdrawn.

5          THE COURT:  Well, I'm just saying procedurally even

6  when people are clearly in charge in other chapters, you can't

7  simply withdraw the petition.

8          MR. ROSENBLATT:  Yeah.

9          THE COURT:  And that's the only point I --

10         MR. ROSENBLATT:  I (indiscernible) letter.  So --

11         THE COURT:  Just make a motion to dismiss the

12  petition.

13         MR. ROSENBLATT:  We can do that.

14         THE COURT:  And say which is the appropriate rule,

15  say it applies under Rule 1018.

16         MR. ROSENBLATT:  Okay.

17         THE COURT:  Presumably I'm going to look at the

18  resolution of the dispute at least in the trial level --

19         MR. ROSENBLATT:  I think that's fair.

20         THE COURT:  -- in the BVI.

21         MR. ROSENBLATT:  I think that's fair.

22         THE COURT:  All right.  Thank you very much.

23         MR. CUNNINGHAM:  Thank you, Your Honor.

24         MR. CARLINSKY:  Thank you, Your Honor.

25      (Concluded at 11:56 am.)

Ad Hoc Transcription, LLC
1915A Stonegate Lane
Stanhope, New Jersey 07874
(888) 516-5553
www.adhoctranscription.com

15-13304-smb    Doc 49    Filed 06/10/15    Entered 06/25/15 22:03:31    Main Document
Pg 49 of 49
23-10092-mew    Doc 59-1    Filed 12/06/23    Entered 12/06/23 01:04:46    Exhibit
Americanas - Rule 2004 Objection - Exhibit A    Pg 50 of 50

49

1                                    * * * * *

2

3                    **C E R T I F I C A T I O N**

4              I certify that the foregoing is a correct transcript

5    from the electronic sound recording of the proceedings in the

6    above-entitled matter.

7

8

9

10   *Kathleen M. Price*                          DATE:   June 5, 2015

11   Kathleen Price, AAERT Cert. No. 325

12   Certified Court Transcriptionist

13   AD HOC TRANSCRIPTION, LLC

14

15

16

17

18

19

20

21

22

23

24

25

**Ad Hoc Transcription, LLC**
**1915A Stonegate Lane**
**Stanhope, New Jersey 07874**
**(888) 516-5553**
**www.adhoctranscription.com**